No. 435        May 14, 2025        547

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

J. W.,
*Petitioner-Respondent,*

*v.*

DAWSON DEVANEY,
*Respondent-Appellant.*

Linn County Circuit Court
23SK04964; A183459

Michael B. Wynhausen, Judge.

Submitted April 11, 2025.

Kent Hickam filed the brief for appellant.

No appearance for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and DeVore, Senior Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Respondent appeals from the entry of a stalking protective order (SPO) issued against him by the trial court under ORS 30.866. Respondent raises one assignment of error, contending that the trial court erred in concluding that the second contact at issue below objectively and reasonably caused petitioner alarm. ORS 30.866(1)(b). We reject that argument and, as a result, affirm.

A full recitation of the facts would not benefit the bench, the bar, or the public. We summarize only those key facts that are context for this opinion. Petitioner and respondent are former romantic partners and share a son. Petitioner's case relied on evidence that respondent violently intruded into her home on April 2, 2022, followed and stalked her in public over the ensuing months, and suddenly biked up unannounced to within a foot of her while she was in a parked car at a shopping mall parking lot on August 30, 2023.

Respondent does not contest on appeal that the April 2, 2022, incident was a qualifying unwanted contact under ORS 30.866(1). We provide some details, however, because they are context for the second qualifying contact. The trial court found that on April 2, 2022, respondent had been told not to come to petitioner's home, but he had ignored that direction, forced his way into her home, brandished a gun, and was agitated, angry and threatening towards petitioner. There is evidence to support that finding as petitioner and her housemate gave separate testimony that, considered as a whole, asserted that respondent had entered their locked home uninvited, angry, and drunk; pounded on petitioner's locked bedroom door while brandishing a firearm in one hand; and demanded to be let into the locked bedroom. Respondent was escorted out by the housemate's friend, but there is evidence that respondent continued to follow petitioner in public in the ensuing months despite being told to stay away from petitioner.

As noted, respondent contests on appeal that the August 30, 2023, incident was a qualifying contact under ORS 30.866. To obtain a stalking protective order, petitioner had to establish at least two qualifying contacts. *See* ORS

30.866(1)(a) (requiring "repeated and unwanted contact"); ORS 163.730(9) ("repeated" means "two or more times"). Respondent notes that the trial court found that, as to the August 30, 2023, contact, petitioner had not tried to break into petitioner's car or place petitioner in fear. Respondent argues, therefore, that it was error for the court to later conclude that the August 30, 2023, contact objectively and reasonably gave rise to petitioner's alarm, a requirement under ORS 30.866(1)(b).

If the trial court's initial finding is taken out of its appropriate context, respondent's argument would have more persuasive force. However, the court made its initial finding expressly in the context of rejecting petitioner's separate request for a Family Abuse Prevention Act (FAPA) restraining order. The court noted that it would not issue a FAPA restraining order because petitioner had not proved abuse *within 180 days*, and it is apparent that it limited its consideration to the facts occurring within 180 days of petitioner's request.[1] *See* ORS 107.710(1) (applying statute to a person who has been a victim of abuse within 180 days). The court then noted that a "strange" part of the case was that "ironically" when the court considered the larger history underlying the SPO case, which included the history dating back to at least 2022, respondent's prior violent and stalking conduct provided fuller context for the August 30, 2023, incident. *See* ORS 30.866(6) (providing a two-year limitation period in an SPO case). In that fuller historical context of prior violence and stalking, the court concluded that respondent quickly and aggressively approaching petitioner in her car in a public parking lot would have alarmed petitioner and met the requirements for a second qualifying contact under the statute. Based on that greater context for the SPO case, which included the April 2, 2022, home intrusion and the ensuing stalking of petitioner, the trial court did not err in concluding that it was objectively reasonable for petitioner to have been alarmed by the August 30, 2023, contact. *See Boyd v. Essin*, 170 Or App 509, 518, 12 P3d 1003 (2000), *rev den*, 331 Or 674 (2001) (noting that seemingly innocuous contacts viewed in isolation take on a different character when considered against a past history of violence

---

[1] The trial court's denial of the FAPA order is not on appeal before us.

and can be the cause of a petitioner's objectively reasonable alarm).

Affirmed.